## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON VERNOR, as Administrator of the Estate of LEQUON MARQUIS VERNOR, deceased,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS W. JENKINS, PA-C, et al.,<br><br>Defendant. | )<br>)<br>)<br>) Cause No. 3:22-cv-682<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Lincare, Inc. ("Lincare"), by and through its attorneys, hereby submits this Notice of Removal to the United States District Court for the Southern District of Illinois, of the above-styled action, pending as Case No. 22LA0148 in the Twentieth Judicial Circuit Court for St. Clair County, Illinois. In support of this petition and as grounds for removal, Defendant states as follows:

### I. The State Court Action

1. On or about February 22, 2022, Plaintiff Sharon Vernor ("Plaintiff"), as the Administrator of the Estate of Lequon Vernor ("Decedent" or "Lequon"), deceased, filed its Complaint ("Compl.") in the Circuit Court for St. Clair County, Illinois. (Compl. attached hereto as **Exhibit A**.) The Complaint is the first pleading in the above-styled action that names Lincare as one of five defendants, and is the only pleading in the above-styled action that has been served on Lincare.

2. On March 3, 2022, a summons was issued, and on March 8, 2022 it was served on Lincare. A copy of the Complaint, summons, and all other process served on Lincare are

attached hereto collectively as **Exhibit B** pursuant to 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served upon Lincare in connection with the above-styled action. In addition, an official copy of the pleadings on file in the State Court action as of March 22, 2022, as well as courtesy copies of the pleadings filed by Co-Defendants since that date, are included collectively as part of **Exhibit B**.

3. The Complaint states two causes of actions against Lincare based on allegations that Lincare failed to provide proper medical care and treatment to Lequon, resulting in his death. Specifically, the Complaint asserts a wrongful death claim on medical malpractice theory, and a survival claim under 755 ILCS 5/27-6. (Compl., ¶¶ 110-121.) The Plaintiff alleges the same two claims against each defendant. (Compl., ¶¶ 62-109.)

4. Lincare has not yet filed an answer or otherwise responded to the Complaint in the State Court Action.

## II.    Removal is Proper Based on Diversity Jurisdiction

5. The State Court Action may be removed to this Court because it involves a controversy wholly between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this is a civil action in which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to 28 U.S.C. 1441(a) and (b).

### A.    There is Complete Diversity of Citizenship Between the Parties

6. To establish diversity of natural persons, the party must be a citizen of the State. *See Rodriguez ex rel. Rodriguez v. Pfizer, Inc.*, No. CIV. 10-650-GPM, 2010 WL 3744595, at *2 (S.D. Ill. Sept. 20, 2010). The Complaint alleges that Plaintiff is a citizen of the State of Illinois.

(Compl., ¶ 1.) Three of the five Defendants are natural persons that are citizens of the State of Missouri. (Compl., ¶¶ 5, 7, 9.)

7. Two of the five Defendants are corporations. For purposes of assessing diversity jurisdiction "a corporation is a citizen of both its state of incorporation and the state in which it maintains its 'principal place of business.'" *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021) (citing 28 U.S.C. § 1332(c)(1)). Washington University is a Missouri corporation with its principal place of business in the State of Missouri.[1] (Compl., ¶ 11.) Lincare is a Delaware corporation with its principal place of business in the State of Florida.[2] (*Id.*., ¶ 18.)

B. **The Amount in Controversy Exceeds $75,000**

8. In order to meet the jurisdictional amount required for U.S.C. § 1332(a), a party may aggregate all of the claims it has against a single defendant. *See Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998). Here, Plaintiff alleges a claim against each defendant for wrongful death pursuant to the Illinois Wrongful Death Act, pleading damages in excess of $50,000. (Compl., ¶¶ 62-68; 74-80; 86-92; 98-104; 110-116.) Additionally, Plaintiff alleges a claim against each defendant for survival pursuant to the Illinois Survival Act, pleading damages in excess of $50,000. (*Id.*, ¶¶ 69-73; 81-85; 93-97; 105-109; 117-121.)

9. Wrongful death and survival are distinct causes of action, each with a separate basis for recovery; thus, both actions can be pursued for injuries caused by the same conduct. *See Simmons ex rel. Estate of Simmons v. Norfolk Southern Ry. Co.*, 324 F.Supp.2d 914, 915 (S.D. Ill. 2004); *Hanlon v. XY Tool & Die, Inc.*, No. 04 C 410, 2004 WL 838035, at *2 (N.D. Ill. Apr. 16, 2004). Under Illinois law, wrongful death provides a cause of action for the deceased

---

[1] Missouri Secretary of State print-out attached hereto as **Exhibit C** (obtained from https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=442769 (last visited April 4 21, 2022).

[2] Illinois Secretary of State print-out attached hereto as **Exhibit D** (obtained from https://apps.ilsos.gov/corporatellc/CorporateLlcController (last visited April 4, 2022).

person's surviving spouse or next of kin to compensate them for their losses; whereas the Illinois Survival Act provides relief for the decedent's injuries sustained prior to death. *Hanlon*, 2004 WL 838035 at *2 n. 3.

10. Given that wrongful death and survival are separate claims, they can, and should, be aggregated for purposes of determining the amount in controversy. *See Sagez v. Columbus McKinnon Corp.*, No. 14-CV-1397-NJR-SCW, 2015 WL 13836836, at *15 (S.D. Ill. June 1, 2015); *Hanlon*, 2004 WL 838035 at *2 (holding that the amount in controversy for diversity purposes was satisfied in a removed case where the complaint contained three counts, each of which plead for damages in excess of $50,000, and the claims involved distinct causes of action based on wrongful death and survival).

### III. Lincare Has Complied with 28 U.S.C. §§ 1441 and 1446

11. Title 28 U.S.C. § 1441 states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12. Title 28 U.S.C. § 1446 provides the procedure for such removal, stating in relevant part: "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Such notice "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C § 1446(b)

13. This notice meets the criteria for removal under 28 U.S.C. §§ 1441 and 1446: it contains a short and plain statement of the grounds for removal, and it is timely because Lincare did not receive a copy of the pleading setting forth Plaintiff's claim until it was served on March 8, 2022. (*See* Exh. B.)

14. Moreover, this Court is the proper venue. Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Southern District of Illinois is the "district and division embracing" St. Clair County. 28 U.S.C. § 93(a)(1). Therefore, venue properly lies in this Court.

15. All defendants are joined in, and consent to, this Notice of Removal. (Written Consent attached hereto as **Exhibit E**.)

WHEREFORE, for the foregoing reasons, Defendant, Lincare Inc., petitions that the above-entitled action be removed and transferred from the Circuit Court for St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated: April 7, 2022                             Respectfully Submitted,

/s/ Heather A. Bub

Heather A. Bub, ARDC #6288565
Molly A. Arranz, ARDC # 6281122
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200 - Phone
(312) 894-3210 – Fax
hbub@salawus.com
marranz@salawus.com

*Counsel for Defendant Lincare, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 7, 2022, she caused a copy of the attached **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS** to be served upon all counsel of record via e-mail and First Class Mail, postage pre-paid:

John G. Simon
John M. Simon
Megan A. Crowe
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, Missouri 63101
*jsimon@simlawpc.com*
*jmsimon@simonlawpc.com*
*mcrowe@simonlawpc.com*
*Attorneys for Plaintiff*


Timothy J. Gearin, #6220748
Maureen Bryan, #6257156
Donald M. Flack, #6257897
ARMSTRONGTEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
tgearin@atllp.com
mbryan@atllp.com
dflack@atllp.com
*Attorneys for Defendants Thomas W. Jenkins, PA-C,*
*Gabriela Sales de Bruin, M.D., Sekorai A. Wiggins, RMA,*
*And The Washington University*

                                            /s/ Heather A. Bub